Civil Action No. _____

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

**ALLAN DOUGLAS WILSON,**

1321 Upland Drive, STE 21311

Houston, Texas 77043 USA

*Petitioner/Plaintiff, proceeding pro se*

Case: 1:25−cv−02852 JURY DEMAND
Assigned To : Unassigned
Assign. Date : 8/25/2025
Description: Pro Se Gen. Civ. (F−DECK)

v.

**CLERK, SUPREME COURT OF THE UNITED STATES,**

Office of the Clerk

1 First Street, NE

Washington, DC 20543

*Defendant*

COMPLAINT FOR CIVIL DAMAGES

**TO THE HONORABLE COURT:**

Petitioner/Plaintiff Allan Douglas Wilson, proceeding pro se, brings this action against the Clerk

of the Supreme Court of the United States for civil damages arising from obstruction of justice

1



RECEIVED
AUG 25 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

and destruction/loss of federal mail in connection with Petitioner/Plaintiff's petition for writ of certiorari.

JURISDICTION AND VENUE

**1.** This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1346 (United States as defendant).

**2.** Venue is proper in this District pursuant to 28 U.S.C. § 1391(e) as Defendant is an agency of the United States located within this judicial district.

**3.** This action arises under the First Amendment to the U.S. Constitution (right to petition for redress of grievances), the Fifth and Fourteenth Amendments to the U.S. Constitution (due process of law), 18 U.S.C. § 1701 et seq. (obstruction of correspondence), and 42 U.S.C. § 1983 (deprivation of civil rights under color of law).

PARTIES

**4.** Petitioner/Plaintiff/Plaintiff Allan Douglas Wilson is an individual with tax residence in Houston, Texas, who filed a petition for writ of certiorari with the Supreme Court of the United States in the matter of Wilson v. Department of State, et al.

**5.** Defendant is the Clerk of the Supreme Court of the United States, an officer of the federal judiciary responsible for receiving, processing, and maintaining court filings.

FACTUAL BACKGROUND

The Underlying Case

**6.** Judicial immunity is not known to extend to the Court Clerk where civil rights violations are alleged resulting from criminal conduct in the willful loss or destruction of federal mail. Equal burden is placed on the Defendant to prove otherwise while considering the weight of evidence submitted with this complaint.

**7.** Petitioner/Plaintiff/Plaintiff filed suit in this District Court under case number 23-cv-000216, Wilson v. Department of State, et al., seeking damages in the amount of $2,377,902 USD.

**8.** Following adverse rulings, Petitioner/Plaintiff/Plaintiff sought to petition the Supreme Court of the United States for a writ of certiorari.

Timeline of Events and Mail Interference

**9.** On March 13, 2025, Petitioner/Plaintiff/Plaintiff mailed eleven (11) copies of his original Petition for Writ of Certiorari to the Supreme Court via U.S. first-class mail.

**10.** On March 26, 2025, said Petition was returned to sender for unknown reasons.

**11.** Petitioner/Plaintiff/Plaintiff remailed the Petition to the Court with an appended Declaration of Timely Filing.

**12.** On April 1, 2025, the original Petition was received by the Court.

**13.** On April 14, 2025, the Petition was returned to Petitioner/Plaintiff/Plaintiff with a Notice for correction/amendment.

**14.** Petitioner/Plaintiff/Plaintiff revised the Petition to conform with the Court's Notice and additionally amended it to reflect the D.C. Circuit's refusal to consider rehearing.

**15.** On May 9, 2025, Petitioner/Plaintiff/Plaintiff sent eleven (11) copies of the revised Petition via U.S. first-class mail to the Supreme Court.

**16.** Despite multiple inquiries, no confirmation of receipt or filing was received from the Court following the May 9, 2025 mailing.

**17.** On July 18, 2025, Petitioner/Plaintiff/Plaintiff sent additional correspondence including a timeline and resubmitted case copy via U.S. first-class mail to the same Supreme Court address.

**18.** Petitioner/Plaintiff/Plaintiff, proceeding in forma pauperis, incurred significant financial hardship in the preparation, copying, and mailing of court documents exceeding 600 pages, which were required to be submitted in multiple copies pursuant to Supreme Court rules.

**19.** Following the loss or destruction of his mailings, Petitioner/Plaintiff/Plaintiff made numerous telephone calls to the Clerk's Office attempting to determine the status of his filings and resolve the missing correspondence, as evidenced by phone records to be submitted with this complaint.

<u>Defendant's Admissions and Contradictions</u>

**20.** On August 11, 2025, at 10:17 AM Eastern Time, Petitioner/Plaintiff/Plaintiff received a telephone call from the Supreme Court Clerk's office (telephone number: 1-202-479-3000).

**21.** During said telephone call, the Clerk stated that the last correspondence received from the Petitioner/Plaintiff was in April 2025.

**22.** This statement was demonstrably false, as evidenced by the fact that one of the two boxes sent on May 9, 2025 was received and docketed as SCOTUS case number 24-76506.

**23.** The Clerk's statement constitutes an admission that at least one mailing sent via U.S. first-class mail was lost, destroyed, or otherwise not properly processed.

CLAIMS FOR RELIEF

COUNT I - OBSTRUCTION OF JUSTICE

**24.** Petitioner/Plaintiff incorporates by reference all preceding paragraphs.

**25.** Defendant's failure to properly receive, process, and acknowledge Petitioner/Plaintiff's lawfully mailed court filings constitutes obstruction of justice in violation of federal law.

**26.** The systematic loss or destruction of Petitioner/Plaintiff's mailings has prevented Petitioner/Plaintiff from effectively pursuing his constitutional right to petition the Supreme Court.

**27.** Such conduct violates 18 U.S.C. § 1701 et seq. and constitutes a denial of due process under the Fifth and Fourteenth Amendments.

COUNT II - DESTRUCTION/LOSS OF FEDERAL MAIL

**28.** Petitioner/Plaintiff incorporates by reference all preceding paragraphs.

**29.** Defendant had a duty to properly receive and process mail sent to the Supreme Court via the U.S. Postal Service.

**30.** Defendant's failure to receive or acknowledgment of multiple mailings sent via first-class mail constitutes negligent or intentional destruction/loss of federal mail.

**31.** Such conduct violates federal postal regulations and deprives Petitioner/Plaintiff of his constitutional rights.

COUNT III - DENIAL OF DUE PROCESS

**32.** Petitioner/Plaintiff incorporates by reference all preceding paragraphs.

**33.** The Fifth Amendment to the U.S. Constitution guarantees that no person shall be deprived of life, liberty, or property without due process of law.

**34.** The Fourteenth Amendment extends this guarantee to protect against state action that deprives persons of due process.

**35.** Petitioner/Plaintiff has a constitutionally protected property interest in his underlying claim of $2,377,902 USD and a liberty interest in accessing the courts to pursue his legal remedies.

**36.** Defendant's systematic obstruction, loss, or destruction of Petitioner/Plaintiff's court filings has effectively denied Petitioner/Plaintiff meaningful access to the Supreme Court, thereby depriving him of due process of law.

**37.** The denial of due process has prevented Petitioner/Plaintiff from pursuing his constitutional right to have his case heard by the highest court in the land.

COUNT IV - DEPRIVATION OF CIVIL RIGHTS

**38.** Petitioner/Plaintiff incorporates by reference all preceding paragraphs.

**39.** Defendant's conduct has deprived Petitioner/Plaintiff of his First Amendment right to petition for redress of grievances and his Fifth and Fourteenth Amendment rights to due process of law.

**40.** The systematic obstruction of Petitioner/Plaintiff's court filings constitutes a deprivation of civil rights under color of law in violation of 42 U.S.C. § 1983.

DAMAGES

**41.** As a direct and proximate result of Defendant's conduct, Petitioner/Plaintiff has suffered damages including:

a) Interest on the underlying claim amount of $2,377,902 USD from the original D.C. District Court case 23-cv-000216;

b) Lost opportunity to pursue his claims before the Supreme Court in a timely manner;

c) Additional costs and expenses incurred in re-filing and pursuing his claims;

d) Violation of his constitutional rights to due process and to petition for redress of grievances;

e) Financial burden imposed on an 'in forma pauperis' Petitioner/Plaintiff with the logistics of preparing and mailing more than 600 pages of documentation in addition to follow-up correspondence;

f) Additional financial hardship from numerous telephone calls to the Clerk's Office attempting to resolve the missing correspondence.

**42.** Petitioner/Plaintiff, proceeding in forma pauperis, has been subjected to undue financial hardship in repeatedly preparing, copying, and mailing voluminous court documents exceeding 600 pages, which must be submitted in multiple copies as required by Supreme Court rules.

**43.** The financial burden of multiple mailings, copying costs, and telephone calls to the Clerk's Office (as evidenced by phone records to be submitted) has caused additional economic harm to Petitioner/Plaintiff who lacks the financial resources of typical litigants.

**44.** Considering the four (4) months that have elapsed since originally sending the Petition on May 9, 2025, Petitioner/Plaintiff seeks damages including accrued interest on the principal amount.

PRAYER FOR RELIEF

WHEREFORE, Petitioner/Plaintiff respectfully requests that this Court:

**A.** Enter judgment in favor of Petitioner/Plaintiff and against Defendant;

**B.** Award compensatory damages in an amount to be determined at trial, including interest on the underlying claim amount of $2,377,902 USD;

**C.** Award punitive damages for Defendant's willful misconduct;

**D.** Issue injunctive relief requiring proper processing of Petitioner/Plaintiff's Supreme Court filings;

**E.** Award reasonable attorneys' fees and costs pursuant to applicable federal statutes;

**F.** Grant such other relief as the Court deems just and proper.

DEMAND FOR JURY TRIAL

Petitioner/Plaintiff hereby demands a trial by jury on all issues so triable.

**Respectfully submitted,**



**Allan Douglas Wilson**

*Petitioner/Plaintiff, proceeding pro se*

1321 Upland Drive, STE 21311

Houston, Texas 77043 USA

(713) 363-3006

wilson.allan.d@gmail.com

**DATED:** August 22, 2025

---

VERIFICATION

I, Allan Douglas Wilson, declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information, and belief.

**Allan Douglas Wilson**

*Petitioner/Plaintiff*

**DATED:** August 22, 2025